PATTERSON v. McGOVERN.

(Supreme Court, Appellate Division, First Department. November 10, 1899.)

ATTORNEY AND CLIENT—SATISFACTION OF JUDGMENT BY ATTORNEY—RATIFICATION.

Satisfaction of judgments for plaintiff by his attorney in a foreclosure suit, when it was known that there would be a deficiency, but before ascertainment thereof, is ratified by plaintiff, where, with knowledge of all the facts, he indorses the check given by defendant in settlement, and receives the money thereon.

Appeal from special term, New York county.

Action by Thomas G. Patterson against John C. McGovern. From an order denying plaintiff's motion to set aside satisfactions of judgments and for leave to issue execution, he appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, BARRETT, RUMSEY, and INGRAHAM, JJ.

Pierre M. Brown, for appellant.
John Vincent, for respondent.

McLAUGHLIN, J. This action was brought to foreclose a mechanic's lien on certain premises in the city of New York, and on the 10th of January, 1895, judgment was rendered establishing the amount due the plaintiff at $8,215.11, and directing that the premises be sold to satisfy the same. The defendant appealed from the judgment to the late general term, which affirmed the same, with costs (Sup.; 36 N. Y. Supp. 1130); and from such affirmance an appeal was taken to the court of appeals, which also affirmed, with costs (157 N. Y. 717, 53 N. E. 1129). An undertak-

ing on each of the appeals was given by the defendant, with two sureties, one undertaking to pay any deficiency arising upon the sale and the costs of the appeal to the general term, and the other to pay the costs of the appeal to the court of appeals, and, to indemnify the sureties, the defendant deposited certain securities to cover their liability. After the affirmance of the judgment by the court of appeals, and on or about the 22d of March, 1899, a sale was made, by the referee appointed in the judgment, for $8,250, and a deed given. It was then known that there would be a deficiency, the exact amount of which could not be ascertained until the referee's report had been filed and his fees and disbursements ascertained. After the sale, and before the referee had filed his report, negotiations were had between the parties looking towards the payment of a certain sum in satisfaction of the three judgments, and whatever deficiency there might be, without waiting until the referee's report had been filed and the exact amount of the deficiency ascertained. As the result of such negotiations, it was finally agreed between the attorneys for the respective parties that all the judgments, including one for the deficiency, would be satisfied for $2,329.20, and, to enable the defendant to raise this sum, the sureties upon the undertakings permitted him to use the securities which had been deposited to indemnify them. In pursuance of this arrangement, the attorneys for the parties met on the 25th of March, three days after the sale, and the plaintiff's attorney then delivered to the defendant's attorney a satisfaction of the original judgment, executed by the plaintiff himself, and satisfactions of the other two judgments, executed by the attorney for the plaintiff, and also an agreement that, upon the report of the referee being filed, any judgment for deficiency would be immediately satisfied; and in exchange therefor he received a check, payable to the order of the plaintiff for $2,329.20, the amount theretofore agreed upon. On the 30th of March, the plaintiff, through another attorney, informed the defendant's attorney that the check referred to had not been delivered to the plaintiff, and that he feared his former attorney had collected the check and used the money, and that he requested, if the check had not been paid, that payment be stopped. The plaintiff, through his attorney, was then informed of just what had been done, of the amount of the check, and that satisfactions of the judgments, including the deficiency, had been given in exchange for it. Payment of the check was stopped as requested. Some days thereafter the defendant was notified, through his attorney, that the check had been recovered and that payment was desired. A direction to this effect was given to the bank upon which it was drawn, and the plaintiff thereafter indorsed it, and received from the bank the money called for by it. On the 5th of April the referee filed his report, which showed that he had retained the sum of $250 for his fees; and on the 24th of the same month he made an application to amend his report so as to increase his fees $126.17, which motion was granted, and the report amended accordingly. The plaintiff filed exceptions to the report, but had not brought them on for a hearing

when the order appealed from was made. On the 23d of May, nearly two months after the money was collected on the check, the plaintiff made a claim that the defendant was liable for the deficiency arising on the sale, and, the defendant refusing to recognize such claim, the plaintiff made a motion to discharge the satisfactions given and for leave to issue execution.

The motion was denied, and we think properly. There is no doubt about the general rule that an attorney, as such, has no authority, either express or implied, to satisfy a judgment, except on payment of the full amount thereof; but such rule has no application to this case, as presented in the record before us. Whether the plaintiff knew of the agreement made by his attorney at the time the settlement was made, and the check and satisfactions given, it is unnecessary to consider. The use of the check by him, with full knowledge of what had been done by his attorney and of the purpose for which the check was given, ratified the act of the attorney, and as effectually bound the plaintiff as though he had previously authorized the attorney to do just what he did. The position of the defendant, and his sureties upon the undertakings, had been changed by the act of the plaintiff. They had been led to believe that the satisfactions would relieve them from liability by reason of the deficiency. The defendant, therefore, had no interest in its amount, and he did not except to the referee's report, and the sureties had released the securities which they had held to indemnify themselves. The sureties are now without any indemnity, and, if the motion had been granted, they, of course, would have been liable under their undertaking. It would be manifestly unjust and unfair, both to the defendant and the sureties, upon the facts stated in this record, to set aside the satisfactions of the judgments, and to permit the plaintiff now to issue an execution for the deficiency. If the plaintiff were not satisfied with the settlement as made, he should have returned the check unused. Having used the check, he must be held to have acquiesced in what his attorney had done.

The order is right, and must be affirmed, with costs. All concur.